UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| THOMAS P. BUSSIERE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:18-cv-00233-JCN |
| | ) | |
| PROGRESSIVE NORTHERN | ) | |
| INSURANCE COMPANY, et al., | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON MOTION FOR LEAVE TO AMEND COMPLAINT**

In this action, Plaintiff seeks to recover damages for injuries he sustained in a May 18, 2017, motor vehicle collision. Plaintiff alleges the person responsible for the collision was underinsured, and Plaintiff thus seeks to recover underinsured motorist benefits under policies issued by Defendants.

The matter is before the Court on Plaintiff's motion for leave to amend the complaint. (ECF No. 16.) Following a review of the relevant pleadings, and after consideration of the parties' arguments, the Court denies Plaintiff's motion.

**BACKGROUND**

On or about May 18, 2017, Plaintiff was driving south on Back Road in Skowhegan, Maine. (Complaint, ECF No. 1-5 ¶ 4; Answer, ECF No. 3 ¶ 4.) Crystal Miner was driving north on Back Road, toward Plaintiff. (Complaint ¶ 6; Answer ¶ 6.) Ms. Miner's vehicle crossed the center line of the road, striking Plaintiff's vehicle head-on. (Complaint ¶¶ 7 – 9.) Plaintiff was injured in the collision, and, with Defendants' consent, he settled his claim

against Ms. Miner for the full amount of her liability policy limits of $100,000. (ECF No. 16 ¶ 3.)

Defendant Dairyland insured Plaintiff personally under a policy with underinsured limits of $50,000 per person and $100,000 total per occurrence. (Complaint ¶ 22; Dairyland Answer, ECF No. 5 ¶ 22.) Defendant Progressive insured Plaintiff's employer, Oakland Sheet Metal, which policy provided for underinsured motorist coverage with a single limit of $1,000,000 per occurrence. (Complaint ¶ 15 – 16; Answer ¶ 15 – 16.) Plaintiff's vehicle was not listed as a covered vehicle under the Progressive policy; Plaintiff maintains, however, that his vehicle qualifies as a "temporary substitute auto" for which there is coverage under the policy. (Complaint ¶ 5; ECF No. 18 at 2).

On June 1, 2018, Plaintiff filed a complaint in state court, asserting two breach of contract claims, one against each defendant. (ECF Nos. 1-5, 6.) On June 12, 2018, Defendant Progressive removed the action to federal court based on diversity of citizenship jurisdiction. (ECF No. 1.)

Under the Court's scheduling order, the deadline for the parties to amend the pleadings was August 29, 2018, and discovery was to be complete by October 31, 2018. (ECF No. 7.) The deadlines were subsequently extended to September 12, 2018 (ECF No. 11) and November 16, 2018 (ECF No. 13), respectively. The matter is scheduled for trial in March 2019.

On or about October 12, 2018, Plaintiff's counsel sent a letter to Defendant Progressive's counsel demanding payment of Progressive's policy limits within 30 days pursuant to 24-A M.R.S. §§ 2436, 2436-A. Plaintiff alleges Defendant Progressive did not

make payment of the claim and did not explain in writing the basis of the denial. (ECF No. 16 at 10 – 11.)

## DISCUSSION

Plaintiff seeks leave to amend the complaint to add two counts of unfair settlement practices. Plaintiff explains that he originally did not plead the statutory claims for unfair claims practices because Plaintiff believed Defendants were engaged in a good faith effort to investigate Plaintiff's claim.

Rule 15(a)(1) of the Federal Rules of Civil Procedure permits a litigant to amend a pleading "once as a matter of course," subject to certain time constraints. However, when a party seeks to amend a complaint more than 21 days after the filing of a responsive pleading, the other party's consent or leave of court is required in order to amend the complaint. Fed. R. Civ. P. 15(a)(2). In such a case, the court is to grant leave to amend "freely" when "justice so requires." *Id.*; *see also Foman v. Davis,* 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'").

The standard is elevated when the motion to amend is filed after the court's scheduling order deadline for amendment of pleadings. A motion to amend that is filed beyond the deadline established in a scheduling order requires an amendment of the scheduling order. To obtain an amendment of the scheduling order, a party must

3

demonstrate good cause. *Johnson v. Spencer Press of Maine, Inc.*, 211 F.R.D. 27, 30 (D. Me. 2002); *El–Hajj v. Fortis Benefits Ins. Co.,* 156 F. Supp. 2d 27, 34 (D. Me. 2001); Fed. R. Civ. P. 16(b)(4). A court's decision on good cause "focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." *Steir v. Girl Scouts of the USA,* 383 F.3d 7, 12 (1st Cir. 2004). Ultimately, a court has discretion whether to grant a motion to amend, and that discretion should be exercised on the basis of the particular facts and circumstances of the case. *Id.*

Importantly, because the proposed claims would introduce new issues and would focus in part on Defendant's decision-making in connection with Plaintiff's claim, the amendment would likely result in further discovery, additional witnesses, a dispositive motion practice, and a delay of the trial. As the First Circuit noted: "Particularly disfavored are motions to amend whose timing prejudices the opposing party by 'requiring a re-opening of discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics and strategy.'" *Steir v. Girl Scouts of the USA,* 383 F.3d at 12 (quoting *Acosta–Mestre v. Hilton Int'l of P.R., Inc.,* 156 F.3d 49, 52 (1st Cir. 1998)).

In sum, based on the record before the Court, and after consideration of the relevant factors, the Court is persuaded that the circumstances of this case militate against permitting the amendment at this stage of the proceedings.

**CONCLUSION**

Based on the foregoing analysis, the Court denies Plaintiff's Motion for Leave to Amend the Complaint. (ECF No. 16.)

SO ORDERED.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 31st day of January, 2019.